FILED
SUPERIOR COURT
OF GUAM

2025 AUG 11 AM 11: 59

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DAVID WAATHDAD, ET AL., | **CIVIL CASE NO. <u>CV0735-18</u>** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER DENYING PLAINTIFFS' FIRST MOTION FOR RELIEF FOR FRAUD UPON THIS COURT** |
| CYFRED, LTD., | |
| Defendant. | |

Plaintiffs (the "Homeowners") move the Court under Guam Rule of Civil Procedure 60 for relief for fraud upon this Court by Defendant Cyfred, Ltd.'s counsel. As part of this Motion, the Homeowners request the Court set aside the March 28, 2019 Order Dissolving Preliminary Injunction, the January 30, 2020 Judgment, and the May 31, 2023 Addendum to Judgment, all of which were affirmed in *Waathdad v. Cyfred., Ltd.*, 2021 Guam 24. Cyfred counters that the Homeowners fail to meet the standard of proof for their claim of fraud and that there was no violation of the duty to disclose. Additionally, Cyfred requests the Court award attorney's fees associated with this Motion.

Having reviewed the Motion and the parties' arguments, the Court determines that the Homeowners fail to establish fraud by clear and convincing evidence and that a request to invoke the equity exception is untimely. The Court therefore DENIES the Homeowners' Motion for Relief for Fraud Upon this Court and awards Cyfred its requested attorney's fees.

## I. <u>PROCEDURAL BACKGROUND</u>

In affirming this Court's ruling on summary judgment, the Guam Supreme Court



summarized this case as involving the "determinations over the Homeowners' ability to offset

amounts they believe Cyfred owes them in attorney's fees and against payments they owe Cyfred

for other lots in the Subdivision sold to them." *Id.* ¶ 3. The court held that the Homeowners'

claims for setoff were unliquidated, non-mutual and contingent, and that no exceptions to setoff

applied, such as the insolvency of the opposing party. *Id.* ¶ 26.

On the issue of Cyfred's alleged insolvency, the court found that the Homeowners failed

to set forth specific facts and substantiated evidence:

> . . . on the central definition of whether Cyfred stopped paying its debts, could not
> pay its debts, or was insolvent under the federal bankruptcy law, when the
> Homeowners alleged the setoff of attorney's fees in 2018, they offered no
> substantiated evidence. As the trial court noted, the alleged facts which the
> Homeowners use as an attempt to create a material factual dispute about Cyfred's
> solvency predate the 2013 settlement agreement. Even on appeal, the only factual
> dispute the Homeowners raise is that 'Cyfred's debts probably were at least
> $281,661.91 and the value of its property probably was . . . around $168,00,
> which would make it insolvent under Guam Law.' . . . Such allegations are
> speculative and are not enough to raise a genuine issue of material fact that would
> preclude the grant of summary judgment.

*Id.* ¶¶ 28, 30. The court further noted that there was no proof of a judgment owed by Cyfred "in

any action or in any court." *Id.* ¶ 31.

> And even if some evidence were proffered, so the Homeowners could create a
> factual dispute about Cyfred's solvency, the exception does not overcome the
> general rule that setoff is inappropriate if the parties are not mutual or if the
> amounts are contingent. As discussed, the Homeowners' alleged setoff are not
> just unliquidated, but also contingent and non-mutual, and they present no
> arguments or authority on how application of the insolvency exception in their
> factor would overcome these other barriers to setoff.

*Id.*[1]

The Homeowners now move for relief and claim that Cyfred's counsel has perpetrated a

---

[1] In a second appellate opinion issued in this case, the Guam Supreme Court affirmed this
Court's order denying a stay of an execution pending the outcome of a separate case involving
different parties. *Waathdad v. Cyfred,* 2024 Guam 6 (CVA23-012).



fraud on this Court relative to Cyfred's insolvency. Specifically, the Homeowners point to the following statement made by Cyfred's counsel:

> The clear evidence is that if Cyfred is allowed to foreclose on its rights under its Promissory Notes and Mortgages, it will either have a minimal amount of money (assuming Plaintiffs pay their notes or buy the property at auction) or Cyfred will have real property which it will have trouble selling due to the lack of sewer. Either way, Cyfred will have assets and not be insolvent.

Pl.'s Mem. P. & A. (May 31, 2024) (quoting Reply Brief Re: Summ. J. at 9-10 (Feb. 11, 2019)). The Homeowners state that when Cyfred's counsel made this statement, he had an outstanding judgment in CV1603-09 against Cyfred since November 2009 for over $826,000 with 6% post-judgment interest payable, which would be about $1.189 million as of March 2017. Pl.'s Mem. P. & A. at 4. The Homeowners argue that this outstanding judgment illustrates that Cyfred was insolvent because its liabilities exceeded its assets consisting of 24 notes and mortgages with a value of not more than $168,000 in 2018, and less in March 2017. *Id.*

Cyfred argues that the statement in question is true, because allowing Cyfred to foreclose made Cyfred more solvent and not less so, and that "asserting a true statement, solely in legal argument, cannot be a fraud on the court." Def. Cyfred's Opp'n at 7 (June 28, 2024). It argues that the statement was not intended to deceive the Court and that when the assertion was made, Cyfred was solvent and would become more solvent. *Id.* Further, he states that a payment arrangement was made with Cyfred for the outstanding judgment in question and that Cyfred has not at any time been in default of said payment arrangement. Decl. Curtis C. Van de veld at 4 (June 28, 2024).

This Court took the Homeowners' motion under advisement following the Guam Supreme Court's mandate in CVA23-012.



## II.  LAW AND ANALYSIS

### A. The Homeowners had prior opportunities to raise this issue.

The Homeowners argue that Cyfred's counsel had a duty to disclose his outstanding

judgment against Cyfred and that he "knew or should have known that insolvency could cause

the denial of Cyfred's [Summary Judgment] Motion either because the Homeowners could set

off or eventually set off their claims against Cyfred's claims" or there would be genuine issues of

material facts as to such set offs. *Id.* at 16. However, the Homeowners ignore portions of

*Waathdad* in which the Guam Supreme Court made clear that insolvency was not the only, or

even dispositive, issue. Again, as the court stated: "And even if some evidence were proffered,

so the Homeowners could create a factual dispute about Cyfred's solvency, the exception does

not overcome the general rule that setoff is inappropriate if the parties are not mutual or if the

amounts are contingent." 2021 Guam 24 ¶ 31. The Homeowners fail to address how even

demonstrating insolvency cured the other defects in their positions on mutuality or contingency

of debts.

Moreover, Cyfred, as the movant during the original motion, bore the initial burden to

show that undisputed facts in the record supported a prima facie entitlement to the relief

requested. However, once that burden was satisfied, the burden shifted to the Homeowners to

show that there existed a material question of fact that would preclude the grant of summary

judgment. *Id.*, n.9. The burden, therefore, was not on Cyfred's counsel to disclose information

about a publicly available judgment but rather on the Homeowners to raise genuine issues of

material fact or conduct further discovery as to Cyfred's insolvency. *Id.*, n.15. To be clear, the

Homeowners' counsel was not unfamiliar with Cyfred's assets. He admits as much: "In 2010

and 2011, the Homeowners' counsel was aware of the Fee Judgment, but he forgot about it by



2019 . . . ." Pls.' Reply Mem. at 11 (July 12, 2024).

In summary, the Homeowners had the ability, the opportunity, and the obligation to raise the existence of this judgment to support claims of insolvency at the summary judgment stage. As such, the Court finds the request to invoke an equitable exception at this stage in the litigation is untimely.

### B. Fraud Upon the Court

Under Rule 60(b)(3), the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for fraud, misrepresentation, or other misconduct of an adverse party. "Fraud upon the court embraces only that species of fraud which subverts or attempts to subvert the integrity of the court itself, or fraud perpetrated by officers of the court so that the judicial machinery cannot perform in an impartial manner." *Trans Pacific Export Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 33. To set aside a judgment for fraud under Rule 60(b)(3), there must be a showing by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct. *Town House Dept. Stores, Inc. v. Ahn*, 2003 Guam 6 ¶ 55. Moreover, not all deceptive or improper conduct rises to the level of a fraud upon the court. Only the most egregious misconduct, which goes to the heart of the adjudicative process, meets this standard. *See Dronby v. C.I.R.*, 113 F.3d 670, 678 (7th Cir. 1997). And that misconduct must affect the outcome of the case. *Id.*

The Court does not find that the Homeowners have met the heightened burden of proof required for this claim. To reiterate, the allegedly fraudulent statement was that "Cyfred will have assets and not be insolvent" should Cyfred be able to foreclose on the second lots. The Homeowners ask the Court to infer a wider meaning by this statement, but as plainly stated, the statement was accurate—that if Cyfred forecloses on the second lots, it will be more solvent.


ORIGINAL

The Homeowners argue that under Rule 3.3(a)(1) Cyfred's counsel has a duty of candor to the tribunal and that even if the Court does not find that this conduct rises to the level of a fraud upon the court, Cyfred's counsel's "misrepresentation to this Court about its insolvency and/or failure to correct it" results in a breach of Rule 3.3(a)(1). Pl.'s Mem. P. & A. at 16-17. Similarly to its reasoning when addressing the allegations of fraud, the Court does not infer a wider meaning by this statement. The Court agrees with Cyfred's counsel that it is factually true that when the statement was made Cyfred would become more solvent if allowed to foreclose. Def. Cyfred's Opp'n at 7. The Court does not find this statement provides a basis to overturn its decision and the decision of the Guam Supreme Court.

More importantly, because the statement relates to insolvency—an issue which turned out not to be a dispositive issue for the Guam Supreme Court—even if there was a misstatement, the Court cannot find that the Homeowners have met their heavy burden. As already explained, the Guam Supreme Court stated in *Waathdad* that Cyfred's solvent or insolvent status still made no difference to the overall setoff analysis. At the end of the day, Plaintiffs attempted to perform setoffs that were unliquidated, contingent, and non-mutual. Insolvency alone could not overcome "these other barriers to setoff." *Waathdad*, 2021 Guam 24 ¶ 31.

### C. The Court Grants Defendants' Request for Attorney's Fees

Cyfred requests the Court provide attorney's fees for 25 hours spent to prepare the Opposition to the Homeowner's Fraud Motion. Def. Cyfred's Opp'n at 12; Decl. Curtis C. Van de veld at 2. Cyfred argues that it is entitled to its contract attorney's fees based on the terms of its promissory notes and mortgages with the Homeowners.[2] It argues that this Motion pertains to

---

[2] This language states that "Maker agrees to pay all costs of collection and reasonable attorney's fees incurred by the Holder in enforcing this Note ... upon the occurrence of any event of default..." Tayeko Emesiochel Decl., Ex. A-1(a) at ¶ c (June 27, 2019). Each mortgage included



the Judgment because it interferes with Cyfred's right to collect its contract attorney's fees. Def. Cyfred's Opp'n at 12. This Court has previously awarded Cyfred attorney's fees based on the terms of its promissory notes and mortgages after granting Cyfred's Motion for Entry of Judgment and to Include an Award of Damages. Dec. & Order Re Mot. Entry J. at 5 (Jan. 30, 2020). Here as Cyfred remains the prevailing party, the Court agrees with Cyfred and awards them attorney's fees for the 25 hours of work billed by Cyfred's counsel, amounting to $7,500.00.

## III.  CONCLUSION AND ORDER

The Court finds that the Homeowners have failed to meet the requisite burden of proof to establish a fraud upon the Court. The Court thus DENIES the Homeowners' (First) Motion for Relief for Fraud Upon this Court and GRANTS Cyfred its attorney's fees in the amount of $7,500.00.

**SO ORDERED, 11 August 2025.**

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Wayson W.S. Wong, Law Offices of Wayson Wong, for Plaintiffs
Curtis C. Van de veld, the Vandeveld Law Offices, for Defendant Cyfred, Ltd.

---

a provision that states "In case of suit being commenced for foreclosure of this Mortgage or to enforce any rights of the Mortgagee hereunder ... Mortgager agrees to pay Mortgagee court costs and reasonably attorney's fees and also such further sums, if any ... as Mortgagee shall incur on realizing upon, enforcing and defending the security interests and rights granted to the Mortgagee hereunder." *Id.* at ¶ 7.

